UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MUCCULAR, an individual,<br><br>  Plaintiff,<br><br>vs.<br><br>WALKUP, MELODIA, KELLY & SCHOENBERGER, a California Professional Corporation; and DOES 10, Inclusive<br><br>  Defendant. | CASE NO. C-12-5073-WHA<br><br>[PROPOSED] ORDER GRANTING MOTION TO COMPEL COMPUTER FORENSIC EXAMINATION OF PLAINTIFF'S YAHOO! EMAIL ACCOUNT; PRODUCTION DATE FOR CELL PHONE RECORDS |

The Court, having read and considered the papers filed in support of and in opposition to Defendant's request for an order to compel a computer expert examination for plaintiff's Yahoo! email account, and good cause appearing therefore hereby ORDERS as follows:

Defendant's request for an order to compel a computer expert examination of plaintiff's Yahoo! email account is GRANTED. The examination shall be conducted on May 1, 2013 at 9:00 a.m. at Smith Patten (353 Sacramento Street, Suite 1120) unless the parties agree in writing to another date that shall be no later than May 6, 2013. If the parties cannot agree on another date, the examination shall take place on May 1.

At the examination, Smith Patten shall provide access to plaintiff's Yahoo! email account. The expert shall conduct a search of plaintiff's Yahoo! email account for any emails, including but not limited to sent, received, drafted, or deleted emails from December 1, 2010 to June 14, 2012, Monday – Friday from 9:30 a.m. – 5:30 p.m. The expert shall also search for any emails, including but not limited to sent, received, drafted, or deleted emails on or after June 14, 2012 through the day of the search related in any way to plaintiff's search for employment. After the expert concludes his/her search, he/she shall provide the data to plaintiff's counsel for a first look review. Plaintiff's counsel shall have one week to produce to Defendant's counsel any

-1-

[PROPOSED] Order   C-12-5073-WHA

emails responsive to any request for production of documents. Any emails withheld by plaintiff's counsel shall be set forth in a privilege log.

With respect to the outstanding subpoena for plaintiff's cell phone records, such records shall be produced by Sprint on or before May 15, 2013, pursuant to the same procedure set forth above by providing all records to plaintiff's counsel first. Plaintiff's counsel shall have one week to produce cell phone records responsive to any request for production. Any cell phone records withheld by plaintiff's counsel shall be set forth in a privilege log.

**IT IS SO ORDERED.**

Dated: May 15, 2013.  _____
  Hon. William H. Alsup
  United States District Court Judge